Brady, J.
This is an appeal from an order made at the special term upon the motion of R. F. Little, Esq., as attorney for O. M. Arkenburgh, as guardian, .etc., directing the United States Trust Company to pay out of the fund on deposit therein to the credit of this action the sum of $537.49 to L. H. Arnold, Jr., attorney for the defendant Algernon S."Sullivan, and sum of $109.30 to Messrs Wheeler & Cortis, “attorneys for the plaintiffs herein.” The circumstances mider which this order was made were as follows:
One Henry Adams, a resident of the state of New Jersey, made a trust deed executed June 1, 1874, providing for the conveyance of his real and personal property to the plaintiffs in this action, as trustees, for the benefit of his children and others. On the 5th of July, 1881, Algernon S. Sullivan, as public administrator of the city of New York, commenced an action for the recovery of the personal estate of the deceased grantor, situated in the city of New York, on the ground that the trust deed was void. A demurrer interposed by the defendants to the complaint in that suit was overruled by the general term (30 Hun, 89). Other suits were also brought, having for their subject matter the property, real and personal, of said deceased Henry Adams. To prevent multiplicity of suits by way of interpleader, and on other grounds, the trustees, under the aforesaid deed of trust, brought the action in which this appeal is entitled, and which is still pending undetermined before B. F. Dunning, Esq., referee. They made the public administrator and all other parties interested in the estate defendants, and asked a final and complete determination of the rights of all parties interested in the aforesaid trust deed of Henry Adams, and, as incidental to such relief,' an injunction against the further prosecution ,of the action brought by Algernon S. Sullivan as public administrator. The motion for such an injunction was denied at special term. The plaintiffs appealed to the general term, and the order made below was reversed, Mr. Justice Daniels writing the opinion of the court. By the order which was entered upon the decision of the general term, the public administrator, who had by that time prosecuted the action brought by him to judgment, was allowed to enter the said judgment as security only, to secure whatever claim the plaintiffs therein might ultimately establish, or any of them. .
*469 The opinion of Justice Daniels, sets forth the facts here outlined, and reference is made to the said opinion and to the order, for a correct understanding of the facts of the litigation up to this point.
This judgment was accordingly entered on the 9th day of January, 1886, and included in the amount thereof was ■the sum of $537.49, disbursements of said action.
The defendant, Oliver M. Arkenburgh, as general guardian of the infant defendant, appealed to the court of appeals from the aforesaid order of the general term, and the appeal was dismissed, with costs. Wheeler & Cortis, attorneys for the plaintiffs, accordingly entered a judgment against the said Arkenburgh as such guardian, for $109.20, costs of said appeal.'
On or about the 14th of April, 1886, the attorneys for all the parties to this action, with the sole exception of the defendant, Henry C. Adams, who appears in person, signed a stipulation providing for the payment, out of the fund in the united States Trust Company, of the aforesaid $537.49, disbursements taxed, and included in the judgment entered in the suit brought by the public administrator, and also for the payment of the judgment for $109.20, costs of the appeal taken to the court of appeals by the defendant Arkenburgh, from the order of the general term. Henry C. Adams having refused to sign the stipulation, a motion was made for an order, according to the terms thereof, which, though contested, was granted, and hence this appeal.
Upon the hearing affidavits of Mrs. Babcock, Edward L. Adams and Henry 0. Adams were read, thus presenting their opposition to the motion.
It is objected that, although the appeal purports in the notice to be taken by all of these persons, and Edward C. Babcock as well, nevertheless Henry C. Adams is in fact the only appellant. And this objection rests upon the proposition that Messrs. Wheeler & Cortiss are the attorneys of record of all except Henry C. Adams, and they cannot, therefore, be appellants in person while thus represented. The answer to this is that they are in hostility to their attorneys, who signed the stipulation mentioned, and may appear properly, therefore, as to this proceeding in person and appeal in the same way. Under the circumstances, however, this court would not decline to hear and dispose of the appeal.
The design of the stipulation, as averred by Messrs. Wheeler & Cortiss, was as to them to save their clients from the payment of the whole of the sum due for disbursements. And such appears to be the fact, and their good faith is not, it is thought, questioned. But their *470 clients object, and thus refuse to avail themselves of the asserted advantage.
The proceedings resulting in the judgment obtained by Mr. Sullivan, and in which the expenditures were made, were retained as security only by the decision on appeal as shown by the order entered, as well as by the opinion of Judge Daniels. And this is the better position to leave it in under the circumstances disclosed in all respects, until the litigation which involves it shall have been decided, and to make no disposition of any funds prior to that time.
When any act is attempted by stipulation in a pending action and the clients object, an order in conformity to it, except in rare instances, should not be granted, even though it may be advantageous to them; and more particularly if it draw upon a fund in which they have an interest. This applies, under the circumstances, as well to the sum of $109.20 as to the other sum.
The result must be to reverse the order, but, under the circumstances disclosed, no costs, it is thought, should be awarded against the respondents.
Ordered accordingly.
Daniels, J., concurs._